DEBORAH DWYER, Appellant, *v.* RATHBONE, SARD & CO., Respondent.

*N. Y. Supreme Court, Third Department, General Term, May* 24, 1889.

1. *Contract. Signature.*—The signature of the defendant's superintendent to a contract, though placed under the printed word "witness" but before the plaintiff and her son had signed, is not intended as a witness to their signature, and is plainly the signature of an officer of the defendants and binds them.

2. *Same.*—A contract, so far as the parties act upon it, will control their rights, though it does not bind them to continue to act according to its terms.

3. *Same. Services, how measured.*—Where plaintiff was to receive for her son's services a certain proportion of the wages paid to a journeyman, and he was to be taught by an instructor, his services, in case the contract was void, are not measured by the value of journeyman labor, in as much as the perfect work accomplished by him was the result, not of his labor alone, but also of that of the instructor, and at the waste of considerable material, space and time.

4. *Same. Extra wages.*—Where the payment of ten per cent. of plaintiff's son's earnings is made dependent upon defendant's judgment at the end of three years as to the faithfulness of such labor, the claim therefor rests upon the lapse of that period and the decision of defendants that her son's conduct deserves this additional compensation.

Action by plaintiff to recover for the services of her minor son.

Appeal from judgment in favor of the defendants.

*Barnwell R. Heyward*, for appellant.

*Stedman, Thompson & Andrews*, for respondent.

PER CURIAM.—The signature, Robert Shaw Oliver superintendent, although placed under the printed word "witness" was plainly the signature of an officer of the defend-

ants, and intended to bind them. It was put to the instrument before the plaintiff and her son had signed; and so was clearly not intended as a witness to their signature. We see no reason why it was not binding on the defendants. The instrument was a contract of hiring services, not an indenture of apprenticeship. And the indorsement did not change its character. That is to be determined by the contracts of the instrument and those cannot be mistaken.

It was acted upon by the parties; and so far as they acted upon it it would control their rights, even if it did not bind them to continue to act according to its terms.

It is not disputed that the plaintiff was paid for the services of her son according to this contract for the time during which he worked for them. Such payments satisfied their obligations to her.

The plaintiff claims that the contract was void, and therefore that she is entitled to recover the value of the services. But such value is not shown. She was to receive according to the contract a certain proportion of the wages paid to journeymen and she claims that, as journeymen are paid according to the perfect work accomplished, the labor of her son measured in that manner was worth as much as a journeyman's work. But this is not correct. Her son was taught by an instructor. So that the perfect work accomplished by him was the result not of his labor alone but also of that of the instructor. Thus his work was not worth journeyman's work, measured by this rule. Furthermore, the more imperfect work was done, the greater the loss of material to defendants. Therefore, even if the contract were void and she were entitled to recover the value by her son's labor, the evidence given in the case does not show it. That shows only the value of the perfect work done by her son; which we have seen was done by the aid by an instructor, and perhaps at the waste of considerable material, space and time.

As to the ten per cent, which was conditionally promised,

she can make no just claim to this. The payment of that was dependant upon the judgment of the defendants as to the faithfulness of the labor done by her son. She trusted to them to decide whether at the end of the three years her son's conduct would entitle her to receive this. The three years had not elapsed when this action was commenced; and the defendants have not decided that her son's conduct deserved this additional compensation.

We do not see that there was any question of fraud to submit to the jury. There is no evidence that plaintiff was deceived; no evidence that she thought she was entering into an indenture of apprenticeship, or that the defendants so informed her. Her receipt of the money and her boarding and caring for her son are evidence to the contrary.

The case was properly disposed of by the court, and the judgment is affirmed, with costs.